STATE of Iowa, Appellee,

v.

Dallas Stoner TURLEY, Appellant.

No. 58368.

Supreme Court of Iowa.

March 17, 1976.

Robert C. Gross and R. Fred Dumbaugh, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Carl Goetz, Jr., County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

MOORE, Chief Justice.

Defendant appeals from conviction of possession with intent to deliver a controlled substance, Lysergic Acid Diethylamide (LSD) in violation of Code section 204.401(1). We affirm.

On September 29, 1974 defendant occupied an Iowa City motel room registered in the name of Joe Krabacker. Late that night an armed robbery took place at the motel and police officers were dispatched to the scene. Apparently concerned that the officers were conducting a drug raid, defendant tossed $12,000 worth of LSD out the back door of his motel room. This behavior was observed by the officers who later arrested defendant.

At trial defendant testified he was on the premises solely for the purpose of "babysitting" for the drugs which he claimed belonged to Joe Krabacker. He admitted receiving the drugs from Krabacker and his intention to deliver them back to Krabacker whenever he came for them. Krabacker was known to the police as a drug pusher.

Defendant and Krabacker had been schoolmates and friends for several years. They met in nearby Cedar Rapids a week before trial. Krabacker was not called as a witness.

At the close of evidence defendant offered a proposed instruction which would have permitted the jury to infer Krabacker's testimony was adverse to the State from the fact the State had not called him to rebut defendant's testimony.

The only issue raised by defendant-appellant asserts the trial court erred in refusing to give his requested instruction.

■ Under some circumstances the jury may draw an inference that the testimony of an uncalled witness would have been adverse to one of the parties. However such a rule is to be applied with caution and there must be a reason for such a supposition and a factual area within which it may logically operate. The supposition must rise above the level of a mere possibility. No presumption arises when it is shown the witness is equally available to either party. *State v. Thomas*, Iowa, 162 N.W.2d 724, 728; *State v. Parker*, 261 Iowa 88, 100, 101, 151 N.W.2d 505, 513; 31A C.J.S. Evidence § 156(3); 29 Am.Jur.2d, Evidence, section 180.

■ The undisputed record that Krabacker's testimony was at least equally available to both defendant and the State is dispositive of defendant's claimed error. The trial court rightfully refused to give defendant's requested instruction.

AFFIRMED.